MARY CATHERINE WEBSTER v. CARL ROBERT WEBSTER

No. 8418DC1227

(Filed 2 July 1985)

1. **Constitutional Law § 26.6— Texas property settlement—default judgment— entitled to full faith and credit**

   A North Carolina district court erred by not giving full faith and credit to a Texas default judgment for payment of arrears under a property settlement approved by a Texas court. Defendant entered a special appearance in Texas to contest jurisdiction, his objection was overruled, default judgment was entered, and prospective attorney fees, allowed in Texas on proper proof, were awarded. Defendant did not appeal the Texas order or object to the lack of detailed findings of fact; if the Texas proceedings were irregular, that matter should properly have been raised by appeal or post-trial motion in Texas. U. S. Constitution, Art. IV, § 1.

2. **Constitutional Law § 26.6; Divorce and Alimony § 21.8— Texas divorce decree — entitled to full faith and credit**

   A North Carolina district court erred by concluding that a Texas divorce decree was void because it specified that the Agreement Incident to Divorce would be void if the divorce was not granted within forty-five days and the decree of divorce was signed fifty-two days later. The full faith and credit clause precludes examination of such matters on the merits; moreover, the divorce decree was signed by counsel for both parties and defendant admitted compliance with it for at least two years.

3. **Constitutional Law § 26.6; Divorce and Alimony § 21.8— Texas property settlement—North Carolina motion to increase—properly denied**

   In an action in North Carolina to enforce a Texas default judgment for arrears in a property settlement, the court did not err by denying plaintiff's motion to increase her share of defendant's military retirement benefits from 46 percent to 50 percent where there was nothing in the pleadings asking for such relief and plaintiff did not demonstrate how the court should have assumed jurisdiction to modify a Texas property settlement decree.

APPEAL by plaintiff from *Cecil, Robert, Judge*. Judgment entered 10 July 1984 in GUILFORD County District Court. Heard in the Court of Appeals 16 May 1985.

Plaintiff wife and defendant husband were divorced in 1977 in Texas, with child support and property division settled by agreement approved by the court. Under the property settlement, plaintiff was to receive 46 percent of regular payments of defendant's military retirement benefits. Defendant thereafter moved to North Carolina. Plaintiff filed a motion in the cause in Texas in 1982, seeking payment of arrears. The Texas court overruled defendant's special appearance to contest jurisdiction and entered default judgment for plaintiff in the amount of $12,541.14 in January 1983. In August 1983, plaintiff filed this action in North Carolina seeking enforcement of the Texas money judgment. Defendant denied liability, contending that the Texas judgment was unenforceable on jurisdictional and other grounds. Both parties moved for summary judgment. The court denied plaintiff's motion and allowed defendant's motion, denying the Texas judgment full faith and credit and dismissing the action. Plaintiff appealed.

*Pearman & Pearman, by Richard M. Pearman, Jr., for plaintiff.*

*Elton Edwards for defendant.*

WELLS, Judge.

Full faith and credit shall be given in each state to the judicial proceedings of every other state. U.S. Const. Art. IV, § 1. A judgment of another state may be attacked in this state only on grounds of fraud, public policy, or lack of jurisdiction. *White v. Graham,* 72 N.C. App. 436, 325 S.E. 2d 497 (1985). A second court's review of the jurisdiction of a court rendering a judgment is limited to determining if the jurisdictional issues were fully and fairly litigated. *Boyles v. Boyles,* 308 N.C. 488, 302 S.E. 2d 790 (1983). Once the jurisdictional issues have been litigated, constitutional federal principles preclude their relitigation elsewhere. *Durfee v. Duke,* 375 U.S. 106 (1963); *Sherrer v. Sherrer,* 334 U.S. 343 (1948). Appearing specially to contest jurisdictional issues constitutes litigation of those issues for full faith and credit purposes. *Cook v. Cook,* 342 U.S. 126 (1951). This leaves non-resident parties the unenviable choice of not appearing at all in the foreign state or appearing to contest jurisdiction and, if unsuccessful, submitting to jurisdiction over the merits. *See Sherrer v. Sherrer, supra* (Frankfurter, J., dissenting). That is the law, however.

[1]   Here the record clearly shows that through counsel defendant entered a special appearance in Texas to contest jurisdiction, and that at that appearance his objection was overruled. These proceedings are entitled to a presumption of regularity, and jurisdiction is presumed until the contrary is shown. *Thrasher v. Thrasher*, 4 N.C. App. 534, 167 S.E. 2d 549, *cert. denied*, 275 N.C. 501 (1969); *Cook v. Cook, supra*. Defendant did not appeal the Texas order, nor did he object to the lack of detailed findings of fact. On this record, the Texas decree is entitled to full faith and credit. Texas Rule of Civil Procedure 120a, which provides that by entering a special appearance which is overruled the non-resident does not waive his or her objection to jurisdiction, does not change this result. The objection is preserved for review by Texas courts, not other states. *See Middleton v. Kawasaki Steel Corp.*, 687 S.W. 2d 42 (Tex. Ct. App. 1985) (Texas asserts jurisdiction to the limits of due process); *Harris v. Poole*, 688 S.W. 2d 78 (Tenn. App. 1984) (special appearance in Texas overruled; res judicata on jurisdictional issues). This conforms with Texas' own practice regarding judgments of other states. *See Moody v. First Nat. Bank of Dona Ana County*, 530 S.W. 2d 879 (Tex. Civ. App. 1975).

The trial court, in concluding that the Texas decree was not entitled to full faith and credit, apparently agreed with defendant that he had been denied due process in Texas by entry of default against him. The record is silent as to why default was entered: it does show that defendant's counsel entered a special appearance and thereafter approved the form of the default judgment. As discussed above, once his special appearance was overruled, defendant had to be prepared to appeal or proceed generally. We can only speculate as to why he did not. We must presume the default judgment was regular. If the Texas proceedings were irregular, that matter properly should have been raised by appeal or post-trial motion in Texas, not here in North Carolina.

The trial court expressed concern in its order that an award of prospective attorney fees might chill defendant's right to appeal. Such fees are allowed in Texas, however, upon proper proof. *Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida*, 596 S.W. 2d 947 (Tex. Civ. App. 1980). The hearing record not being before us, we must again presume that the Texas court reached its award upon sufficient evidence. Defendant's right to

appeal in Texas, governed by Texas and not North Carolina law, was not thereby infringed.

[2]   The court also concluded that the original Texas divorce decree, signed in 1977, on which these enforcement proceedings depend, was void. As noted above, the full faith and credit clause precludes examination of such matters of defense on the merits. In any event, it appears that the court reached its conclusion from a recitation in the Agreement Incident to Divorce to the effect that if the divorce was not granted within forty-five days of execution, the agreement would be void. The decree of divorce, signed some fifty-two days later, specifically incorporated the agreement. The decree was signed by counsel for both parties. Defendant admits compliance with it for at least two years. Under the circumstances, we conclude that the parties mutually waived the right to insist on enforcement of the provision voiding the agreement.

We therefore conclude that the trial court erred in denying full faith and credit to the Texas judgment.

[3]   In an unrelated assignment of error, plaintiff contends that the court erroneously denied her motion to increase her share of defendant's retirement benefits from 46 percent to 50 percent. Like the trial court, we find nothing in the pleadings asking for such relief. Moreover, plaintiff has not demonstrated how the court should have assumed jurisdiction to modify a Texas property settlement decree. On this record, we conclude that this portion of the judgment was correct.

That portion of the judgment denying full faith and credit to the Texas judgment is reversed; that portion of the judgment denying plaintiff's request for modification is affirmed. The cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed and remanded in part.

Judges JOHNSON and COZORT concur.