JERRY REINWAND, PLAINTIFF v. M. DALE SWIGGETT AND M. DALE SWIGGETT D/B/A GREAT MISTAKES, DEFENDANTS

No. 9115SC756

(Filed 6 October 1992)

**Constitutional Law § 145 (NCI4th) — Alaska business solicited from North Carolina — goods shipped from North Carolina to Alaska — jurisdictional issue fully litigated — Alaska judgment entitled to full faith and credit**

The trial court did not err in determining that plaintiff met his burden of proving that a judgment of the state courts of Alaska was entitled to full faith and credit pursuant to N.C.G.S. § 1C-1705(b), since the issue of jurisdiction was fully and fairly litigated.

**Am Jur 2d, Constitutional Law § 860.**

APPEAL by defendant from judgment entered 25 February 1991 by *Judge J. B. Allen, Jr.*, in ALAMANCE County Superior Court. Heard in the Court of Appeals 25 August 1992.

*Poyner & Spruill, by Eric P. Stevens, for plaintiff-appellee.*

*Mathew E. Bates for defendant-appellant.*

## REINWAND v. SWIGGETT
[107 N.C. App. 590 (1992)]

JOHNSON, Judge.

On 29 February 1990, plaintiff-appellee, Jerry Reinwand, received a default judgment against defendant-appellant, M. Dale Swiggett, in the Superior Court for the State of Alaska, First Judicial District at Juneau, in the amount of $81,925.36 plus post judgment interest accruing at the rate of $23.57 per day from 29 February 1990. The default judgment was made final in Alaska and was filed on 29 February 1990, with the public office of the Alaska trial courts in Juneau.

Plaintiff, a resident of Alaska, had filed the original suit in Alaska on 17 January 1990, claiming defendant, a resident of North Carolina, had sold him defective goods. The summons was served on defendant 22 January 1990. Under Alaska law, defendant had twenty days to respond, but failed to do so. Default by the clerk was entered on 14 February 1990.

On 22 February 1990, defendant filed a motion to dismiss for lack of jurisdiction, which was filed pro se in the Third Judicial District at Anchorage, Alaska which was the improper district. Because the motion was not filed in the proper district, the clerk in Alaska was unaware that defendant had responded to the complaint filed against him, and therefore entered a default judgment against him on 29 February 1990. The court, upon receiving the motion, considered it as a motion to set aside entry of default. On 24 June 1990, Judge Duane Craske of the Superior Court of Alaska, First Judicial District at Juneau, held in a memorandum of decision and order on motion to dismiss for lack of jurisdiction, that the court properly exercised personal jurisdiction over Defendant M. Dale Swiggett. A court official certified that a true copy of the memorandum decision was served upon defendant.

The court relied upon the affidavit of Jerry Reinwand, which states that defendant undertook extensive efforts, including sending samples to Alaska and making numerous telephone calls to Alaska, to induce plaintiff to purchase a van load of clothing to be shipped to Alaska. The court determined that this action constituted "purposeful availment" of the privilege of doing business in Alaska. The court further concluded that defendant's sale of goods to plaintiff and making arrangements to ship them to Alaska satisfied the Alaska Long-arm Statute.

In his memorandum of decision, the judge in Alaska expressly provided:

[D]efendant may file a motion under Civil Rule 77 to set aside entry of default on other grounds within twenty days of the date of distribution of this order. The failure to file a motion under Civil Rule 77 will mean that the default judgment will continue to be valid and enforceable.

Defendant did not file a motion to set aside entry of default within the twenty days allowed, or at any time thereafter.

On 6 December 1990, plaintiff filed in Alamance County Superior Court, the default judgment entered against M. Dale Swiggett in the Superior Court for the State of Alaska, and sent defendant notice of the filing pursuant to the Uniform Enforcement of Foreign Judgments Act. See N.C. Gen. Stat. §§ 1C-1701-08 (1989). The copy of the default judgment filed in superior court was certified as authentic by the Alaska courts. Further, an affidavit from plaintiff's counsel in the Alaska court contained sworn testimony that the judgment was final and filed in the proper place.

In response to this action, defendant filed a motion for relief from judgment on 2 January 1991 in superior court. Defendant claimed that the Alaskan judgment was void because the Alaskan court did not have personal jurisdiction over him. Defendant also claimed that the judgment could not be enforced against him individually because the only liability, if any, was owed by Great Mistakes, Inc. and proceedings against Great Mistakes, Inc. were stayed by its filing for reorganization under Chaper 11 of the United States Bankruptcy Code.

On 16 January 1991, in response to defendant's motion for relief from judgment, plaintiff filed a motion to enforce the foreign judgment. Attached to the motion was a certified copy of the 29 February 1990 default judgment, a certified copy of the Alaska court's memorandum decision, an affidavit of plaintiff's Alaska counsel stating that both of these Alaskan court documents are full, true, and accurate copies of the records on file in the Alaska trial courts, and an affidavit of Jerry Reinwand which was attached to the memorandum decision.

A hearing on the motion to enforce the Alaskan judgment was held on 25 February 1991. The court, after hearing arguments of counsel, ordered that plaintiff's motion to enforce foreign judg-

ment be allowed and that defendant's motion for relief from judgment be denied. The court ordered that the default judgment from Alaska be given full faith and credit as a judgment of this State. Defendant appeals.

On appeal, defendant brings forth one assignment of error. Defendant argues that the trial court erred in determining that plaintiff met his burden of proving that a judgment of the state courts of Alaska was entitled to full faith and credit pursuant to N.C. Gen. Stat. § 1C-1705(b) (1989). North Carolina General Statute § 1C-1705(b) provides in pertinent part that "[t]he judgment creditor shall have the burden of proving that the foreign judgment is entitled to full faith and credit."

Defendant further argues that the Alaska court's determination that it had jurisdiction over him is conclusive only if the issue was fully and fairly litigated in Alaska. Defendant, therefore, seeks to attack the Alaska court's judgment on the basis that the issue of jurisdiction was not fully and fairly litigated.

In *Webster v. Webster*, 75 N.C. App. 621, 331 S.E.2d 276 (1985), this Court held that a Texas decree entering a default judgment for the wife in a divorce action seeking payment of arrears under a divorce decree, was entitled to full faith and credit in North Carolina. The *Webster* Court opined that "[a] judgment of another state may be attacked in this state only on grounds of fraud, public policy, or lack of jurisdiction." *Id.* at 622, 331 S.E.2d at 278.

Our review of the jurisdiction of a court rendering a judgment is limited to determining if the issues were indeed fully and fairly litigated. *Boyles v. Boyles*, 308 N.C. 488, 302 S.E.2d 790 (1983). Upon a finding that the issue of jurisdiction was fully and fairly litigated, constitutional federal principles preclude their relitigation elsewhere. *Durfree v. Duke*, 375 U.S. 106, 11 L.Ed.2d 186 (1963). *See Underwriters Assur. v. North Carolina Life*, 445 U.S. 691, 706, 71 L.Ed.2d 558, 572 (the principles of res judicata apply to questions of jurisdiction as well as other issues, and a judgment is entitled to full faith and credit, as to questions of jurisdiction, when the reviewing court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court that rendered the original judgment).

In *Cook v. Cook*, 342 U.S. 126, 96 L.Ed. 146 (1951), the Supreme Court held that for full faith and credit purposes, appearing specially to contest jurisdictional issues constitutes litigation of those issues. The *Webster* Court noted that this rule of law "leaves non-resident parties the unenviable choice of not appearing at all in the foreign state or appearing to contest jurisdiction and, if unsuccessful, submitting to jurisdiction over the merits." 75 N.C. App. at 622, 331 S.E.2d at 278.

In the instant case, defendant was given the opportunity to litigate the issue of personal jurisdiction. Subsequent to the filing of the default judgment in the First Judicial District at Juneau, the court considered defendant's motion to dismiss for lack of jurisdiction, which was improperly filed pro se in the Third Judicial District at Anchorage, Alaska. The motion stated that defendant was appearing specially and pleading that the Alaska court did not have jurisdiction over him. The Alaska court treated the motion as a motion to set aside entry of default on grounds of improper exercise of jurisdiction.

On 24 June 1990, the Alaska Superior Court held in a memorandum of decision that the court properly exercised personal jurisdiction over defendant. The court specifically held that the Alaska court properly exercised personal jurisdiction over defendant under section 09.05.015(5)(E) of the Alaska Long-arm Statute, which affords jurisdiction in an action which relates to goods actually received in Alaska, without regard to where delivery was made to the carrier. The Alaska court also found the proper exercise of personal jurisdiction under the Federal Constitution. Constitutional minimum contacts, as defendant correctly contends are required by *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95 (1945), were found because defendant actively promoted the transaction by making numerous phone calls to plaintiff in Alaska and by sending representative merchandise to Alaska, and because this claim was directly related to the contacts.

Defendant was also given an opportunity to contest jurisdiction after he entered the special appearance. A copy of the memorandum decision was served on defendant and provided that "defendant may file a motion under Civil Rule 77 to set aside entry of default on other grounds within twenty days of the date of distribution of this order. The failure to file a motion under Civil Rule 77 will mean that the default judgment will continue to be valid and

enforceable." Defendant did not file a motion to set aside the entry of default nor did he appeal the Alaska default judgment. The aforementioned facts considered, we conclude that the issue of personal jurisdiction was fully and fairly litigated in the Alaska court and defendant is, therefore, precluded from relitigating the issue in the courts of North Carolina.

Defendant also argues that "a certified copy of the Alaskan judgment . . . , as a practical matter, seems to be the only admissible evidence brought forth by the plaintiff to prove that the judgment is entitled to full faith and credit," since the other documents introduced in support of the judgment were hearsay. We have considered this argument but find it meritless.

The decision of the trial court is

Affirmed.

Judges EAGLES and PARKER concur.