SUSI v. AUBIN

[173 N.C. App. 608 (2005)]

————————

ANTHONY SUSI, Plaintiff v. LOIS AUBIN, Defendant

NORTH COUNTRY DEVELOPMENT OF JEFFERSON COUNTY, INC., Plaintiff v. LOIS AUBIN, Defendant

No. COA04-449
No.COA04-450

(Filed 4 October 2005)

**1. Judgments— judgment debtor exemptions—valuation— equities**

The trial court had no authority to base its exemptions from the enforcement of judgments on its assessment of the equities rather than on the actual value of the property.

**SUSI v. AUBIN**

[173 N.C. App. 608 (2005)]

**2. Judgments— judgment debtor exemptions—valuation of stock at zero—findings—not sufficient**

The trial court's valuation of stock at zero in determining exemptions from enforcement of judgments was vacated and remanded because its findings were not sufficiently specific for appellate review. A finding that the company was so mired in litigation that a third party would have no reasonable interest in the stock did not allow a determination of the methodology used by the court.

Appeal by plaintiffs from order entered 1 December 2003 by Judge Wayne L. Michael in Davidson County District Court. Heard in the Court of Appeals 18 November 2004.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Reid L. Phillips and Andrew J. Haile, for plaintiffs-appellants.*

*Brinkley Walser, PLLC, by G. Thompson Miller, for defendant-appellee.*

GEER, Judge.

This opinion addresses the appeals of plaintiffs Anthony Susi and North Country Development of Jefferson County, Inc. ("North Country") from the trial court's order in a proceeding to determine defendant Lois Aubin's exemptions, finding that the fair market value of Aubin's stock in a closely-held corporation was zero. Plaintiff Susi's appeal (No. COA04-449) and plaintiff North Country's appeal (No. COA04-450) were previously consolidated for hearing. They are now consolidated for decision. Because the trial court's findings were based, in part, on an impermissible consideration and are not adequate to set out the basis for the court's determination of the fair market value of the stock, we vacate the decision and remand for further findings of fact.

## Facts

North Country is a New York corporation and Susi is its sole shareholder. Susi and Aubin are each 50% shareholders in Bluebird Corporation ("Bluebird"), a real estate holding and development company. Although Bluebird previously owned and managed several properties, it currently owns only a residential subdivision called Harborgate, located on High Rock Lake in Davidson County, North Carolina.

Ultimately, the relationship between Susi and Aubin deteriorated. Aubin sued Susi and Bluebird regarding Harborgate, but in 2002, this Court affirmed the trial court's dismissal of that action. *Aubin v. Susi*, 149 N.C. App. 320, 560 S.E.2d 875, *disc. review denied*, 356 N.C. 610, 574 S.E.2d 474 (2002). North Country and Susi subsequently sued Aubin and her real estate brokerage company in New York state court after Aubin had defaulted on loans that Susi and North Country had made to Aubin's company and that Aubin had personally guaranteed. Susi and North Country each obtained judgments against Aubin.

In September 2001, pursuant to N.C. Gen. Stat. § 1C-1705(b) (2003), plaintiffs sought to enforce the foreign judgments in North Carolina, where defendant now resides. On 8 November 2001, the Davidson County Superior Court entered orders granting enforcement of two judgments, one in favor of Susi and one in favor of North Country. As required by N.C. Gen. Stat. § 1C-1603(a)(4) (2003), plaintiffs served upon Aubin a notice of her right to have exemptions designated. Aubin responded with a motion to exempt certain property, including her stock in Bluebird. Relying upon the "wildcard" exemption of N.C. Gen. Stat. § 1C-1601(a)(2) (2003), allowing exemption of "any property" not exceeding $3,500.00, Aubin asserted that the fair market value of the stock was zero and that the stock was subject to a lien of $300,480.00 held by Brinkley Walser PLLC.[1]

Plaintiffs objected to Aubin's motion on the grounds that the motion contained estimated values of property that were "below the true fair market values of the subject properties," specifically including the Bluebird stock. Plaintiffs requested that the clerk of superior court set Aubin's motion for hearing and "further request[ed] that the Court appoint a qualified person to examine the property owned by Aubin and to report their [sic] value to the Court pursuant to N.C. Gen. Stat. § 1C-1603(e)(8)." In support of the objections, Susi submitted an affidavit stating that "[d]espite the fact that the liabilities of Bluebird exceed its assets, I am willing to pay at least $3,500.00, plus any administrative fees associated with the sale of the Stock, in order to purchase the Stock subject to the lien in favor of Brinkley Walser."

---

1. We note that N.C. Gen. Stat. § 1C-1601 and -1603 have been amended in the most recent session of our General Assembly. *See* An Act to Amend the Cap on Property of a Judgment Debtor That Is Free of the Enforcement of the Claims of Creditors, and to Exempt Certain Types of Property from Enforcement, H.B. 1176, 2005 Gen. Assemb., Reg. Sess. (N.C. 2005). Although the bill has not yet been signed into law, it is scheduled to go into effect on 1 January 2006. Its pertinent provisions modify the notice requirements under N.C. Gen. Stat. § 1C-1603(a)(4) and change the "wildcard" exemption allowance from $3,500.00 to $5,000.00 under N.C. Gen. Stat. § 1C-1601(a)(2).

Following a hearing on 30 October 2003, the district court found with respect to the Bluebird stock:

> Although the Bluebird stock described in paragraph 8 [of the motion] may have intrinsic value to the two shareholders, Anthony Susi and Lois Aubin, it has no fair market value. The company is mired in litigation such that a third party would have no reasonable interest in buying Defendant's stock. Furthermore, it would be unfair and inequitable to allow Mr. Anthony Susi to purchase the stock for $3,500 when he has been at least partially responsible for the litigation.

Based on its findings, the trial court concluded that "[t]he exemptions requested by the Defendant Lois Aubin are proper and legal in all respects and should be approved." Plaintiffs Susi and North Country have appealed from this order to the extent it relates to the Bluebird stock.

### Discussion

Once plaintiffs objected to the exemptions claimed by Aubin, the clerk was required to set Aubin's "motion for hearing by the district court judge, without a jury, at the next civil session." N.C. Gen. Stat. § 1C-1603(e)(7). At such a hearing, "[t]he district court judge must determine the value of the property." N.C. Gen. Stat. § 1C-1603(e)(8). In making this determination, the district court judge "may appoint a qualified person to examine the property and report its value to the judge." *Id.* Following the hearing, "[t]he district court judge must enter an order designating exempt property." N.C. Gen. Stat. § 1C-1603(e)(9). A party may appeal the district court's designation of exempt property to this Court, but "[d]ecisions of the Court of Appeals with regard to questions of valuation of property are final as provided in G.S. 7A-28." N.C. Gen. Stat. § 1C-1603(e)(12). *See also* N.C. Gen. Stat. § 7A-28(b) (2003) ("Decisions of the Court of Appeals upon review of valuation of exempt property under G.S. 1C are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise.").

The sole question on appeal is the trial court's valuation of Aubin's 50% ownership of Bluebird, which she had claimed as exempt under N.C. Gen. Stat. § 1C-1601(a)(2). Section 1C-1601(a)(2) permits a debtor to exempt her "aggregate interest in any property, not to exceed three thousand five hundred dollars ($3,500) in value less any amount of the exemption used under subdivision (1)." The statute defines "value" as the "fair market value of an individual's interest in

SUSI v. AUBIN

[173 N.C. App. 608 (2005)]

property, less valid liens superior to the judgment lien sought to be enforced." N.C. Gen. Stat. § 1C-1601(b). Thus, we must determine whether the trial court properly determined the fair market value of defendant's Bluebird stock.

Although the General Assembly did not further define "fair market value," it is generally defined as "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction." *Black's Law Dictionary* 1587 (8th ed. 2004). In this case, the trial court made only two findings of fact related to the valuation of defendant's stock in Bluebird: (1) that Bluebird is "mired in litigation such that a third party would have no reasonable interest" in buying Aubin's stock and (2) that it would be "unfair and inequitable to allow Mr. Anthony Susi to purchase the stock for $3,500 when he has been at least partially responsible for the litigation."

[1] We address the second finding first. The sole task before the district court was calculation of the fair market value of Aubin's stock. The statute is precise: it directs that "[t]he district court judge must determine the value of the property." N.C. Gen. Stat. § 1C-1603(e)(8). This is a question of fact to be decided based on the evidence. Aubin has cited no authority, and we have found none, that would permit a district court to base its allowance of a party's claim of exemption on the court's assessment of the equities between the parties rather than on the actual value of the property.

This case highlights the problems with allowing a trial court to do so. Implicit in the trial court's finding of unfairness and inequity is an assumption that Susi behaved inappropriately in connection with unspecified litigation proceedings. To the extent that the district court was referring to the litigation that gave rise to the foreign judgments being enforced, the Davidson County District Court was prohibited from revisiting the merits of the litigation. The Davidson County Superior Court had already entered orders rejecting Aubin's defenses and directing enforcement of the judgments.[2] To the extent the district court was referring to Aubin's litigation against Susi, this Court affirmed the dismissal of those claims. The dismissed claims cannot now be re-litigated in the guise of an exemption hear-

---

2. Significantly, once a creditor establishes, under N.C. Gen. Stat. § 1C-1705(b), that a foreign judgment is entitled to full faith and credit, the judgment may only be attacked on the grounds of fraud, public policy, or lack of jurisdiction. *Reinwand v. Swiggett*, 107 N.C. App. 590, 593, 421 S.E.2d 367, 369 (1992). No evidence was offered that such grounds exist in this case.

ing. The pendency of the remaining litigation involving Harborgate can be considered as a factor in calculating the fair market value of Aubin's stock.

[2] With respect to the first finding—that "[t]he company is mired in litigation such that a third party would have no reasonable interest in buying [d]efendant's stock"—we· are unable to determine from that single statement how or by what methodology the district court arrived at its conclusion that Bluebird's "value" was zero. Plaintiffs point to a $4.5 million offer made by an unrelated third party for Harborgate—the sole asset of Bluebird—at a point when litigation by Harborgate homeowners was already pending against Bluebird. Although Aubin responds that subsequent to that time, two other lawsuits were filed, plaintiffs counter that those two lawsuits had been disposed of at the time of the exemption proceeding. We cannot determine from the district court's order how it resolved these various factual disputes. Moreover, the record contains no evidence that, purely as a result of pending litigation, Bluebird had no fair market value.

Aubin has argued on appeal that other reasons exist for valuing her stock at zero, including (1) the negative book value of Bluebird and the lack of any evidence of good will, (2) potential purchasers' unwillingness to become Susi's partner, and (3) the lien of Aubin's law firm. The trial court, however, made no findings regarding those contentions. Further, we note that Aubin testified, contrary to her position on appeal, that she did not believe that the listed book value was accurate, but rather held the opinion that Harborgate was worth more and liabilities were significantly less. We cannot determine whether Aubin's current contentions formed any part of the basis for the trial court's valuation or, if so, how the court resolved related questions such as the book value of Bluebird or whether the law firm's lien was superior to the judgment lien.

We conclude that the district court's findings of fact regarding its valuation of Aubin's 50% ownership in Bluebird are not sufficiently specific for appellate review. "Without proper findings of fact, we cannot perform our review function even though there may be evidence to support the judgment." *Chloride, Inc. v. Honeycutt*, 71 N.C. App. 805, 806, 323 S.E.2d 368, 369 (1984).

Accordingly, we vacate the district court's decision to the extent it sets a value of zero for Aubin's Bluebird stock and remand for further findings of fact regarding the value of that stock, including the

methodology used in reaching that valuation. *Cf. Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (holding in an equitable distribution case that "the trial court should make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied" (internal quotation marks omitted)). As in the equitable distribution context, if it appears on appeal that the trial court reasonably determined the value of the stock based on competent evidence and on a sound valuation method or methods, the valuation will not be disturbed. *Offerman v. Offerman*, 137 N.C. App. 289, 293, 527 S.E.2d 684, 686 (2000).

Vacated and remanded.

Judges TIMMONS-GOODSON and TYSON concur.

