DECISION AND JUDGMENT ENTRY
{¶ 1} Jeffrey S. Watson, in his capacity as the Trustee of the Jeffrey S. Watson Revocable Trust (hereinafter "Watson"), appeals the judgment from the Jackson County Common Pleas Court. Watson owns a parcel of land that became landlocked when the State of Ohio appropriated land from Watson's predecessor in interest. Watson alleged in his complaint that when the State appropriated the land, "it created an easement of necessity by operation of law [for him] to have alternative access" across abutting land owned by Robert Neff, James Neff, and/or John Neff (hereinafter "Neffs"). The trial court found that Watson failed to establish an easement of necessity. On appeal, Watson contends that the trial court's decision is contrary to this Court's decision inJoseph v. Suttle (Feb. 10. 1992), Meigs App. No. 446. Because an easement that *Page 2 
arises from necessity requires a plaintiff to prove common ownership of the dominant and servient estates, and because Watson failed to prove the same, we disagree and choose not to follow our decision inJoseph. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The material facts are not in dispute. Watson's landlocked parcel of land abuts and is between both U.S. Route 35 and the relevant part of Neffs' parcel of land. U.S. Route 35 forms the Northeast boundary, and the relevant portion of the Neffs' land forms the Southwest boundary of Watson's land.
 {¶ 3} In 1966, the State of Ohio appropriated land from Watson's predecessor in interest and used this land to widen and improve U.S. Route 35. The State, at the same time, changed U.S. Route 35 to a limited access highway, and paid Watson's predecessor in interest for the new limitation of access to the property. As a result, Watson's land became landlocked because no one could access it from a public road.
 {¶ 4} The Waterloo Coal Company then purchased the property. At some point in time, the Waterloo Coal Company operated an access road across what is now the Neffs' land to a public road (not U.S. Route 35) pursuant to a mineral lease. Eventually Watson purchased the land from the Waterloo Coal Company.
 {¶ 5} Watson then filed this action in the trial court to have the access road across the Neffs' land declared, inter alia, an easement of necessity. After a bench trial, the court found in favor of the Neffs.
 {¶ 6} Watson appeals and asserts the following assignment of error: "The trial court erred when it declined to recognize an easement of necessity where the state *Page 3 
government had in the past appropriated all public road access to the plaintiff's tract of land, so as to render it landlocked."
 II. {¶ 7} Watson contends in his sole assignment of error that the trial court erred when it declined to recognize an "easement by necessity * * * or any other access the court would choose to award[.]"[1] The crux of the dispute is whether Watson must prove "unity of title" before he can establish an easement by necessity. While the Neffs argue that Watson must prove unity of title, Watson claims that the precedent of the Fourth District Court of Appeals, Joseph, supra, establishes that unity of title is not necessary under the facts of this case.
 {¶ 8} The issue presented to this Court is solely one of law. This Court reviews questions of law de novo. Lewis v. Nease, Scioto App. No. 05CA3025, 2006-Ohio-4362, ¶ 66, citing Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214.
 {¶ 9} "Easements may be implied in several ways-from an existing use at the time of the severance of ownership in land, from a conveyance describing the premises as bounded upon a way, from a conveyance with reference to a plat or map or from necessity alone[.]" Tratter v.Rausch (1950), 154 Ohio St. 286, 291-92. Implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves. Ciski v. Wentworth (1930), 122 Ohio St. 487, paragraph one of the syllabus. *Page 4 
 {¶ 10} Here, Watson only claims an easement by necessity, but the Neffs' brief cites cases related to both easements implied from necessity and easements implied from prior use. So, we will briefly consider both.
 {¶ 11} Easements implied from prior use may arise where "property has been held in a unified title, and during such time an open and notorious servitude has apparently been impressed upon one part of the estate in favor of another part, and such servitude, at the time that the unity of title has been dissolved by a division of the property or a severance of the title, has been in use and is reasonably necessary for the fair enjoyment of the portion benefited by such use." Ciski at 495. Therefore, easements implied from prior use require proof of unity of title under Ohio law.
 {¶ 12} Easements that arise from necessity alone still require a plaintiff to prove "[c]ommon ownership of both the dominant and servient estate[s.]" Vance v. Roa (2000), Lawrence County App. No. 99CA23, p. 2, fn.2, citing 4 Powell on Real Property (1994) 383, section 34.07; 36 Ohio Jurisprudence 3d (1982) 448-449, Easements and Licenses in Real Property, section 48; 1 McDermott's, Ohio Real Property (1988) 383, sections 10-12; see also Douglas v. Athens Masonic Temple Co. (1961),115 Ohio App. 353, 359 (holding all easements by implication require unity of title).
 {¶ 13} Against the foregoing precedent, Watson offers the unreported case of Joseph from this district. In Joseph, a road formed the boundary between two landowners, one to the South and one to the North. The Works Progress Administration moved this road onto the property of the Southern landowner in the 1930's. Years later a dispute arose between the owners of the two parcels of land, and this Court found an easement of necessity arose by operation of law. This easement permitted the *Page 5 
Northern landowner to cross the Southern landowner's land to have access to the road. The Joseph court noted that neither landowner produced a root deed from a common grantor; thus, there was no unity of title. However, this Court has more recently repeated the longstanding requirement that a plaintiff prove unity of title to establish an easement by necessity. Vance, supra, at p. 2, fn.2 (the primary issue involved an easement by prescription).
 {¶ 14} The unity of title requirement accords with the principles of implied easements. Implied easements are easements read into a deed. "An implied easement is based upon the theory that whenever one conveys property he includes in the conveyance whatever is necessary for its beneficial use and enjoyment and retains whatever is necessary for the use and enjoyment of the land retained." Tratter, supra, at 291. In other words, implied easements are those easements that a reasonable grantor and grantee would have expected in the conveyance, and a court will read the implied easement into a deed where the elements of that implied easement exist. However, if there is no unity of title, there is no grantor who may give an easement to the grantee. It does not matter whether a reasonable grantor would have conveyed an easement or a reasonable grantee would have expected to receive an easement. A grantor simply cannot convey what is not possessed.
 {¶ 15} Here, we choose to follow the longstanding requirement that we stated in Vance. That is, we hold that a plaintiff must prove unity of title to establish an easement by necessity.
 {¶ 16} Because Joseph was decided before May 1, 2002 (when the Supreme Court Rules For The Reporting of Opinions was modified), and because the Ohio *Page 6 
Official Reports did not publish Joseph, it is not controlling authority in this case. See former S.Ct. R.Rep.Op. 2(G)(1)-(2).[2]Joseph is only controlling as between its parties, and we do not need to expressly overrule it. Id. Consequently, we do not apply the same three-prong test that the Supreme Court of Ohio uses to determine if a prior decision should be overruled. See Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph one of the syllabus.
 {¶ 17} Here, the parties agree that no unity of title exists. Neither the State of Ohio nor Watson's predecessor in interest could have conveyed the easement because they never possessed the part of Neffs' land in question.[3]
 {¶ 18} Accordingly, we overrule Watson's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] Watson concedes that the access road cannot satisfy the requirements of an easement by prescription under Ohio law.
[2] Former Rule 2(G)(1)-(2) states: "Unofficially published opinions and unpublished opinions of the Courts of Appeals may be cited by any court or person subject to the following restrictions, limitations, and exceptions:
 (1) An unofficially published or unpublished opinion shall not be considered controlling authority in the judicial district in which it was decided except between the parties thereto when relevant under the doctrines of the law of the case, res judicata or collateral estoppel or in a criminal proceeding involving the same defendant;
 (2) In all other situations, each unofficially published opinion or unpublished opinion shall be considered persuasive authority on a court, including the deciding court, in the judicial district in which the opinion was rendered. Opinions reported in the Ohio Official Reports, however, shall be considered controlling authority for all purposes in the judicial district in which they were rendered unless and until each such opinion is reversed or modified by a court of competent jurisdiction[.]"
[3] In addition, the State clearly did not intend to grant an easement through the land it had appropriated because the State compensated Watson's predecessor in interest for the lack of access. *Page 1