IN THE MATTER OF REGISTRATION OF A[N] OHIO JUDGMENT: MICHAEL J. GARDNER, Plaintiff v. BRUCE TALLMADGE, dba TALLMADGE HOLDING CO., LLC, Defendant[1]

No. COA10-125

(Filed 5 October 2010)

**Judgments— foreign judgments—enforcement—subject matter jurisdiction**

The trial court erred in enforcing an Ohio judgment rendered in accordance with the terms of a demand cognovit promissory note (note) because the Ohio court did not have subject matter jurisdiction to enter the judgment. The statutory requirement that the warning language in the note appear in such type size or distinctive marking that it appear more conspicuously than anything else on the document was not met.

Appeal by Defendant from order entered 26 October 2009 by Judge L. Todd Burke in Rockingham County Superior Court. Heard in the Court of Appeals 9 June 2010.

*Gerald S. Schafer for Plaintiff-Appellee.*

*Robertson, Medlin & Blocker, PLLC, by John F. Bloss, for Defendant-Appellant.*

STEPHENS, Judge.

*I. Procedural History and Factual Background*

*A. Cognovit Note*

Defendant Bruce Tallmadge, dba Tallmadge Holding Co., LLC., executed a demand cognovit promissory note ("Note") dated 25 March 2004 to Plaintiff Michael J. Gardner which, reproduced here,[2] reads as follows:

DEMAND COGNOVIT PROMISSORY NOTE

$200,000.00                                              Findlay, Ohio

---

1. Although the caption of the order appealed from states the case number as 09 CVD 842, a consent order was entered transferring the action from district court to superior court. Accordingly, the case number should have changed to 09 CVS 842. Defendant-Appellant acknowledged this in his Notice of Appeal which states that the appeal is from order entered in case number 09 CVS 842.

2. A copy of the actual Note is attached as an appendix to this opinion.

**IN RE GARDNER v. TALLMADGE**

[207 N.C. App. 282 (2010)]

Maturity Date: Upon Demand                                   Date of Note:
                                                       March 25th, 2004

FOR VALUE RECEIVED, the undersigned, Tallmadge Holding Co., LLC., a North Carolina Limited Liability Company and Bruce Tallmadge (referred to in this Note as the "Borrowers"), promise to pay to the order of Michael J. Gardener (referred to in this Note as "Lender") at 2151 Industrial Drive, Findlay, Ohio 45840, or at such other place as Lender may designate in writing from to time, in legal tender of the United States, the principal sum of Two Hundred Thousand Dollars ($200,000.00), together with interest on the unpaid principal balance thereof from the date of this Note at the rate and payable in the manner hereinafter provided.

RATE OF INTEREST AND MANNER OF PAYMENT

Interest on the principal balance of this Note from time to time outstanding shall be charged and owing at an annual rate of Three Hundred Thirty-seven and one-half per cent (337.5%) per annum. Interest in the amount of $56,250.00 shall be payable monthly in arrears on the first day of each calendar month, commencing **June 1 (BJT)**, 2004 and continuing on the first day of each month thereafter.

Principal shall be due and payable upon demand; provided however, notwithstanding any other provision in this Note, the unpaid principal balance and all accrued and unpaid interest shall be due and payable on or before April 1, 2005.

PREPAYMENT

This Note may be prepaid in whole or in part without payment of any prepayment premium.

SECURITY

This Note is Unsecured.

DEFAULT

The entire unpaid principal balance of this Note and all accrued and accruing interest thereon shall become immediately due and payable by Borrowers to Lender without notice at the option of Lender upon any default in the payment of any amount when due under this Note. In addition, Borrowers shall pay Lender's costs and attorney fees incurred in collecting or enforcing payment, whether suit be brought or not. Any failure of Lender to exercise such option to accelerate shall not constitute a waiver of

**IN RE GARDNER v. TALLMADGE**

[207 N.C. App. 282 (2010)]

DEMAND COGNOVIT PROMISSORY NOTE = PAGE 2

the right to exercise such option to accelerate at any future time.

Acceptance by Lender of any payment in an amount less than the amount due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an event of default. At any time thereafter and until the entire amount then due has been paid, Lender shall be entitled to exercise all rights conferred upon it in this Note upon the occurrence of a default.

WAIVER

Borrowers, for themselves and their respective heirs, successors and assigns, expressly waive presentment, demand, protest, notice of dishonor, notice of nonpayment, notice of acceleration, notice of maturity, and presentment for the purpose of accelerating maturity.

JOINT AND SEVERAL OBLIGATION OF BORROWERS

This Note shall be the joint and several obligation of Tallmadge Holding Co., LLC, a North Carolina Limited Liability Company, and Bruce Tallmadge, and of all sureties, guarantors and endorsers, and shall be binding upon them and their respective heirs, administrators, executors, successors and assigns.

CONFESSION OF JUDGMENT

Borrowers do each hereby authorize any attorney at law to appear for Borrowers (or either one of the Borrowers) in an action on this Note at any time after the same becomes due, as herein provided, whether by acceleration or otherwise, in any Court of record in or of the State of Ohio or in any other state or territory of the United States, and to waive the issuing and service of process against Borrowers (or either one of the Borrowers), to admit the maturity of this Note by acceleration or otherwise, and to confess judgment in favor of the legal holder of this Note against Borrowers (or either one of the Borrowers) for the amount then due, with interest, late charge(s) and default interest all at the rate(s) herein mentioned, and attorney fees and costs of suit, and to waive and release all errors in said proceedings and judgment and all right to appeal from the judgment rendered.

GOVERNING LAW SUCCESSORS AND
ASSIGNS AND MISCELLANEOUS

## IN RE GARDNER v. TALLMADGE

[207 N.C. App. 282 (2010)]

This Note is made in the State of Ohio and shall be governed and construed in accordance with its laws. If any provision(s) of this Note are in conflict with any statute or applicable rule of law, or are otherwise unenforceable for any reason whatsoever, such provision(s) shall be deemed null and void to the extent of such conflict or unenforceability but shall be deemed separate from and shall not invalidate any other

DEMAND COGNOVIT PROMISSORY NOTE = PAGE 3

provision of this Note. The rights and remedies provided to Lender in this Note are cumulative and the use of any one right or remedy shall not preclude or waive its ability to use any or all other rights and remedies Lender may have at law or in equity. In this Note, the singular and plural are interchangeable and words of gender shall include all genders. This Note shall, in accordance with its terms, be binding upon Borrowers, and their respective heirs, administrators, executors and assigns. Tallmadge Holding Co., LLC represents that the execution of this Note has been authorized by the governing documents of said limited liability company. The paragraph headings provided in this Note are for convenience only.

IN WITNESS WHEREOF, Borrowers, Tallmadge Holding Co., LLC, a North Carolina Limited Liability Company, and Bruce Tallmadge, have executed and delivered this Note to Lender on the ____ day of March, 2004.

                    TALLMADGE HOLDING CO., LLC
                    A North Carolina Limited Liability Co.


By: [Signed Bruce Tallmadge]
                    Bruce Tallmadge
                    Its Managing Member

                         [Signed Bruce Tallmadge]
                         Bruce Tallmadge, individually
                                      "Borrowers"


WARNING - BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF THE COURT

CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.

### B. The Ohio Judgment

On 14 January 2009, Plaintiff filed a verified complaint in the common pleas court of Hancock County, Ohio ("Ohio court") alleging that the Note was in default on 8 December 2008 when Defendant failed to pay the amount owed. Also on 14 January 2009, Steven M. Powell, an attorney designated by Plaintiff, filed an answer on behalf of Defendant. The answer purported to waive the issuance and service of process, confess judgment in favor of Plaintiff, and waive Defendant's right to appeal.

By judgment entered 26 January 2009, the Ohio court awarded Plaintiff, in accordance with the Note's terms,

the principal sum of Two Hundred Thousand Dollars ($200,000.00), with interest and late fees accrued from April 1, 2005 to December 31, 2008, owing on the principal amount at the rate of 337.5% *per annum, together with interest* from and after December 31, 2008 together with reasonable attorney's fees in accordance with the terms of said Promissory Note; for Court costs and expenses incurred herein; and for such other and further relief as this Court deems just and equitable.[3]

### C. The North Carolina Order

On 13 April 2009, Plaintiff filed a notice of filing of foreign judgment in Rockingham County District Court. On 4 May 2009, Defendant filed a motion for relief from and notice of defense to foreign judgment and a motion to transfer the matter to superior court. On 22 June 2009, Judge Edwin G. Wilson, Jr. entered a consent order transferring the action to superior court.

On 26 October 2009, Judge Burke entered an order recognizing and giving full faith and credit to the Ohio judgment, denying Defendant relief from such foreign judgment, and denying Defendant's request for written findings of fact under Rule 52 of the North Carolina Rules of Civil Procedure. From the order of Judge Burke, Defendant appeals.

---

3. Based on this Court's calculations, with interest accruing at a rate of $56,250.00 per month from 1 April 2005 to 31 December 2008 plus $200,000.00 in principal, the Ohio court awarded Plaintiff approximately $2,675,000.00. Additionally, the trial court awarded Plaintiff interest from and after December 31, 2008 and reasonable attorney's fees.

**IN RE GARDNER v. TALLMADGE**

[207 N.C. App. 282 (2010)]

## II. *Discussion*

On appeal, Defendant argues that the trial court erred in enforcing the Ohio judgment because: (1) the Ohio court did not have personal jurisdiction, (2) the Ohio court did not have subject matter jurisdiction, (3) Defendant did not receive notice in time to properly defend himself, (4) charging an interest rate of 337.50% is penal in nature, and (5) charging an interest rate of 337.50% is against Ohio and North Carolina public policy.

Because we conclude that the Ohio court did not have subject matter jurisdiction, the trial court's order denying Defendant relief from foreign judgment is reversed. In light of this holding, we need not address Defendant's remaining assignments of error.

### A. *North Carolina Law on the Enforcement of Foreign Judgments*

The Constitution's full faith and credit clause requires states to recognize and enforce valid judgments rendered in sister states. U.S. Const. art. IV, § 1. The Uniform Enforcement of Foreign Judgments Act ("the Act") governs the enforcement of foreign judgments that are entitled to full faith and credit in North Carolina. N.C. Gen. Stat. §§ 1C-1701 *et seq.* (2009). The Act requires that the judgment creditor file with the clerk of superior court a "copy of [the] foreign judgment authenticated in accordance with an act of Congress or the statutes of this State[.]" N.C. Gen. Stat. § 1C-1703(a). After filing a properly authenticated copy of the foreign judgment, the judgment creditor must then give notice of the filing to the judgment debtor. N.C. Gen. Stat. § 1C-1704(a). If the judgment debtor takes no action within thirty days of receipt of the notice to delay enforcement of the judgment, "the judgment will be enforced in this State in the same manner as any judgment of this State." N.C. Gen. Stat. § 1C-1704(b). To delay enforcement of the judgment, the judgment debtor may "file a motion for relief from, or notice of defense to," the judgment on grounds as permitted in the Act. N.C. Gen. Stat. § 1C-1705(a).

Upon the filing of such a motion, enforcement of the judgment is stayed until the judgment creditor "move[s] for enforcement of the foreign judgment." N.C. Gen. Stat. § 1C-1705(b). If a motion for enforcement is filed, a hearing will be held and the trial court will determine if the "foreign judgment is entitled to full faith and credit." *Id.* The burden of proof on the issue of full faith and credit is on the judgment creditor, and the hearing will be conducted in accordance

with the Rules of Civil Procedure. *Id.* The introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit. *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 526, 146 S.E.2d 397, 400 (1966); *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969). The judgment debtor can rebut this presumption upon a showing that the rendering court did not have subject matter jurisdiction or did not have jurisdiction over the parties, that the judgment was obtained by fraud or collusion, that the defendant did not have notice of the proceedings, or that the claim on which the judgment is based is contrary to the public policies of North Carolina. N.C. Gen. Stat. § 1C-1708 (2009); *Morris v. Jones*, 329 U.S. 545, 550-51, 91 L. Ed. 488, 495-96 (1947); *White v. Graham*, 72 N.C. App. 436, 440, 325 S.E.2d 497, 500 (1985); *Webster v. Webster*, 75 N.C. App. 621, 623, 331 S.E.2d 276, 278, *disc. rev. denied*, 315 N.C. 190, 337 S.E.2d 864 (1985).

### B. Cognovit Agreements

"The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176, 31 L. Ed. 2d 124, 128 (1972). "[T]he purpose of the cognovit is 'to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert.' " *Id.* at 177, 31 L. Ed. 2d at 129 (quoting *Hadden v. Rumsey Products, Inc.*, 196 F.2d 92, 96 (2d. Cir. 1952) (applying Ohio law)).

Enforcement of the cognovit varies among states. *Id.* "In Ohio the cognovit has long been recognized by both statute and court decision." *Id.* at 178, 31 L. Ed. 2d at 129; *see* Ohio Code Rev. Ann. § 2323.13 (2009). Ohio courts, however, "give the instrument a strict and limited construction." *Id.* at 178, 31 L. Ed. 2d at 130 (citing *Peoples Banking Co. v. Brumfield Hay & Grain Co.*, 179 N.E.2d 53, 55 (Ohio 1961)).

### C. Subject Matter Jurisdiction

"Because a judgment from a rendering court is only entitled to the *same* credit, validity and effect in a sister state as it had in the state where it was pronounced, the . . . rendering court must . . . have had subject matter jurisdiction—the power to pass on the merits of the case—before full faith and credit will be granted." *Boyles v. Boyles*, 308

N.C. 488, 490-91, 302 S.E.2d 790, 793 (1983) (citations and quotation marks omitted). Thus, a judgment from another state rendered by a court without jurisdiction will not be recognized or enforced in North Carolina. *Id.*

"[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guaranty Ass'n*, 455 U.S. 691, 706, 71 L. Ed. 2d 558, 571-72 (1982), *rev'g* 48 N.C. App. 508, 269 S.E.2d 688, *cert. denied and appeal dismissed*, 301 N.C. 527, 273 S.E.2d 453 (1980) (citation and quotation marks omitted). However, "if a litigant has no notice of a court proceeding, a *fortiori*, the litigant could not 'fully and fairly litigate' *any* issue in the case." *Boyles*, 308 N.C. at 492, 302 S.E.2d at 793. Where the subject matter jurisdiction of the court which rendered the judgment has not been fully and fairly litigated, the second court's inquiry into the court's subject matter jurisdiction is controlled by "the statutes and decisions of the courts in the state in which the judgment was rendered[.]" *Id.* at 494, 302 S.E.2d at 795 (citation and quotation marks omitted).

It is undisputed in this case that Defendant received no notice of the court proceeding in Ohio which resulted in the judgment against him. Accordingly, we will examine relevant Ohio statutes and judicial decisions to determine whether the Ohio court had subject matter jurisdiction to enter the judgment at issue.

Pursuant to Ohio Rev. Code Ann. § 2323.13,

[a] warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, *in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:*

"Warning—By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may

be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."

Ohio Rev. Code Ann. § 2323.13(D) (emphasis added). "[A] warrant of attorney is legally insufficient unless it meets the specific objective criteria that the legislature chose to spell out in this statute." *First Knox Nat'l Bank v. Patricia Hoffman-Wyatt, Inc.*, No. 92-CA-09, 1992 Ohio App. LEXIS 5536, at *2 (Ohio Ct. App. Oct. 22, 1992).[4]

In *Gunton Corp. v. Thomas G. Banks*, No. 01AP-988, 2002 Ohio 2873, 2002 Ohio App. LEXIS 2806 (Ohio Ct. App. June 6, 2002),[5] the appellate court examined two cognovit notes to determine whether the required warning language appeared " 'in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document.' " *Id.* at P11, 2002 Ohio App. LEXIS at *9 (quoting Ohio Rev. Code Ann. § 2323.13(D)). In concluding that the provisions of the note complied with the clear and conspicuous provision of section 2313.13(D), the court stated: "The type face used in the cognovit warning language in the two promissory notes is larger than anything else on the note except the title, 'PROMISSORY NOTE.' However, the warning is more conspicuous and clear because it is

---

4. Because *First-Knox* was decided before 1 May 2002 in the Fifth Appellate District of Ohio, and because the Ohio Official Reports did not publish *First-Knox*, the opinion is persuasive, but not binding, authority upon courts in Hancock County, which is in the Third Appellate District, where the present case originated. *See Watson v. Neff*, No. 08CA12, 2009 Ohio 2062, P16, 2009 Ohio App. LEXIS 1794, *7-8 (Ohio Ct. App. Apr. 29, 2009) (explaining that an unpublished Ohio opinion that was decided before 1 May 2002, when the Ohio Supreme Court Rules For The Reporting of Opinions was modified, constituted persuasive, but not binding, authority upon the courts in the judicial district in which it was decided) (citing former S. Ct. Rep. Op. Rule 2(G)(1)-(2)).

5. Although the opinion in *Gunton* is not published in an official West report, its publication in the Ohio Official Reports after 1 May 2002 allows it to be cited as legal authority and weighted as deemed appropriate. *See* Ohio S. Ct. Rep. Op. Rule 4:

(A) Notwithstanding the prior versions of these rules, designations of, and distinctions between, "controlling" and "persuasive" opinions of the courts of appeals based merely upon whether they have been published in the Ohio Official Reports are abolished.

(B) All court of appeals opinions issued after the effective date of these rules[, 1 May 2002,] may be cited as legal authority and weighted as deemed appropriate by the courts.

Ohio S. Ct. Rep. Op. Rule 4.

printed in bold type." *Id.* The appellate court thus concluded that the trial court was not barred from enforcing the notes. *Id.*

Likewise, in *Fogg v. Friesner*, 562 N.E.2d 937 (Ohio Ct. App. 1988), the appellate court concluded that the warning language in the appellee's cognovit note complied with section 2323.13(D) because "[t]he required warning appears in capital letters and is single spaced. It is in a different form than the rest of the note and is clearly noticeable." *Id.* at 939.

On the other hand, the court in *First-Knox* concluded that the warning language contained in the note at issue did not appear " 'more clearly and conspicuously than anything else on the document[,]' " 1992 Ohio App. LEXIS 5536 at *2 (citation omitted), and, thus, failed to "meet[] the specific objective criteria that the legislature chose to spell out in this statute." *Id.* In reaching this conclusion, the appellate court explained:

> The most prominent, conspicuous, and distinctive marking on the note is the name of the bank located in the upper left-hand corner of the note. Seven other topical headings are printed in type that is equally as prominent as the confession of judgment. Furthermore, the language "SUBJECT TO THE TERMS AND PROVISIONS OF THE LOAN AGREEMENT DATED JANUARY 19, 1989" appears in the very middle of the note set off above and below by triple-spaced margins. It too, appears more clearly and conspicuously than the confession of judgment.

*Id.* at *2-3. Accordingly, the trial court's judgment allowing the creditor to enforce the cognovit note against the debtor was reversed.

In the present case, the warning language in the Note appears directly below the space provided for Defendant's signature, as mandated by Ohio Rev. Code Ann. § 2323.13(D). The warning language appears in all-capital letters. However, the Note's page headings and the introductory phrases "FOR VALUE RECEIVED" and "IN WITNESS WHEREOF" are also written in all-capital letters in the same font size as the warning language and, thus, are equally conspicuous. Furthermore, the most prominent, conspicuous, and distinctive markings on the Note are the title and the eight subject headings which not only appear in all-capital letters of the same font size as the warning, but are underlined as well. Thus, the title and the subject headings appear more clearly and conspicuously than the warning language.

As in *First-Knox*, the warning language in the Note is not "in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document." Ohio Rev. Code Ann. § 2323.13(D). Because Ohio courts only enforce cognovit agreements that strictly comply with Ohio Rev. Code Ann. § 2323.13, and because the warrant of attorney fails to meet the objective criteria of section 2323.13(D), the Ohio court was without subject matter jurisdiction to enter the Ohio judgment. As a court of this state may not enforce a judgment entered by a court of a foreign state that lacked subject matter jurisdiction to enter the judgment, the trial court erred in denying Defendant relief from the Ohio judgment.

Relying on *Medina Supply Co., Inc. v. Corrado*, 689 N.E.2d 600 (Ohio Ct. App. 1996), the dissent concludes that "[t]he cognovit warning on the note in question was the most conspicuous portion of the document, and complies with the Ohio statute." In *Medina*, the note at issue was one page in length and the warning language appeared in all-capital letters directly above the space provided for defendant's signature. Defendant argued that the title of the note, " 'NOTE,' " was more conspicuous than the warning language because the title was underlined as well as in all-capital letters. The court found defendant's argument "to be specious" because "a four-letter title is an inadequate basis for comparison to a paragraph." *Id.* at 851. The court reasoned that "[t]he document itself is only one page long" and "the warning is the only paragraph set off entirely in capital letters." *Id.* Thus, the court concluded that the "type, location, and proportion [of the] the warning satisfies the law." *Id.*

In this case, the warning language appears in all-capital letters directly below the space provided for Defendant's signature. As in *Medina*, the placement of the warning language here complies with Ohio Rev. Code Ann. § 2323.13(D) that the warning language appear "directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession." However, unlike a comparison between the four-letter title, " 'NOTE,' " and the warning paragraph which covered almost a third of the page on the single-paged document at issue in *Medina*, in this case, the Note spans three pages, and the page headings "DEMAND COGNOVIT PROMISSORY NOTE = PAGE 2" and "DEMAND COGNOVIT PROMISSORY NOTE = PAGE 3" and the introductory phrases "FOR VALUE RECEIVED" and "IN WITNESS WHEREOF" are also written in all-capital letters in the same font size and type as the warning language. Furthermore, the title and the eight subject headings, many of

which contain multiple words and one of which spans two lines, appear in all-capital letters of the same font size as the warning, are set off above and below by double-spaced margins, and are underlined as well. As a result, the title and the subject headings appear more clearly and conspicuously than the warning language. Thus, unlike in *Medina*, and contrary to the dissent's assertion that the "only difference" between the Note here and the note in *Medina* is the *placement* of the warning language, the statutory requirement that the warning appear "in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document" is not met in this case.

Accordingly, the order of the trial court is

REVERSED.

Judge HUNTER, JR. concurs.

Judge STEELMAN dissents with a separate opinion.

APPENDIX

**IN RE GARDNER v. TALLMADGE**

[207 N.C. App. 282 (2010)]

## DEMAND COGNOVIT PROMISSORY NOTE

$200,000.00                                                          Findlay, Ohio

Maturity Date: Upon Demand                                          Date of Note:
                                                                  March 25th, 2004

FOR VALUE RECEIVED, the undersigned, Tallmadge Holding Co., LLC., a North Carolina Limited Liability Company and Bruce Tallmadge (referred to in this Note as the "Borrowers"), promise to pay to the order of Michael J. Gardner (referred to in this Note as "Lender") at 2151 Industrial Drive, Findlay, Ohio 45840, or at such other place as Lender may designate in writing from to time, in legal tender of the United States, the principal sum of Two Hundred Thousand Dollars ($200,000.00), together with interest on the unpaid principal balance thereof from the date of this Note at the rate and payable in the manner hereinafter provided.

### RATE OF INTEREST AND MANNER OF PAYMENT

Interest on the principal balance of this Note from time to time outstanding shall be charged and owing at an annual rate of Three Hundred Thirty-seven and one-half per cent (337.5%) per annum. Interest in the amount of $56,250.00 shall be payable monthly in arrears on the first day of each calendar month, commencing **June 1 (BJT)**, 2004 and continuing on the first day of each month thereafter.

Principal shall be due and payable upon demand; provided however, notwithstanding any other provision in this Note, the unpaid principal balance and all accrued and unpaid interest shall be due and payable on or before April 1, 2005.

### PREPAYMENT

This Note may be prepaid in whole or in part   without payment of any prepayment premium

### SECURITY

This Note is unsecured.

### DEFAULT

The entire unpaid principal balance of this Note and all accrued and accruing interest thereon shall become immediately due and payable by Borrowers to Lender without notice at the option of Lender upon any default in the payment of any amount when due under this Note. In addition, Borrowers shall pay Lender's costs and attorney fees incurred in collecting or enforcing payment, whether suit be brought or not. Any failure of Lender to exercise such option to accelerate shall not constitute a waiver of

DEMAND COGNOVIT PROMISSORY NOTE = PAGE 2

the right to exercise such option to accelerate at any future time.

Acceptance by Lender of any payment in an amount less than the amount due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an event of default. At any time thereafter and until the entire amount then due has been paid, Lender shall be entitled to exercise all rights conferred upon it in this Note upon the occurrence of a default.

WAIVER

Borrowers, for themselves and their respective heirs, successors and assigns, expressly waive presentment, demand, protest, notice of dishonor, notice of nonpayment, notice of acceleration, notice of maturity, and presentment for the purpose of accelerating maturity.

JOINT AND SEVERAL OBLIGATION OF BORROWERS

This Note shall be the joint and several obligation of Tallmadge Holding Co., LLC, a North Carolina Limited Liability Company, and Bruce Tallmadge, and of all sureties, guarantors and endorsers, and shall be binding upon them and their respective heirs, administrators, executors, successors and assigns.

CONFESSION OF JUDGMENT

Borrowers do each hereby authorize any attorney at law to appear for Borrowers (or either one of the Borrowers) in an action on this Note at any time after the same becomes due, as herein provided, whether by acceleration or otherwise, in any Court of record in or of the State of Ohio or in any other state or territory of the United States, and to waive the issuing and service of process against Borrowers (or either one of the Borrowers), to admit the maturity of this Note by acceleration or otherwise, and to confess judgment in favor of the legal holder of this Note against Borrowers (or either one of the Borrowers) for the amount then due, with interest, late charge(s) and default interest all at the rate(s) herein mentioned, and attorney fees and costs of suit, and to waive and release all errors in said proceedings and judgment and all right to appeal from the judgment rendered.

GOVERNING LAW, SUCCESSORS AND
ASSIGNS AND MISCELLANEOUS

This Note is made in the State of Ohio and shall be governed and construed in accordance with its laws. If any provision(s) of this Note are in conflict with any statute or applicable rule of law, or are otherwise unenforceable for any reason whatsoever, such provision(s) shall be deemed null and void to the extent of such conflict or unenforceability but shall be deemed separate from and shall not invalidate any other

**IN RE GARDNER v. TALLMADGE**

[207 N.C. App. 282 (2010)]

DEMAND COGNOVIT PROMISSORY NOTE = PAGE 3

provision of this Note. The rights and remedies provided to Lender in this Note are cumulative and the use of any one right or remedy shall not preclude or waive its ability to use any or all other rights and remedies Lender may have at law or in equity. In this Note, the singular and plural are interchangeable and words of gender shall include all genders. This Note shall, in accordance with its terms, be binding upon Borrowers, and their respective heirs, administrators, executors, successors and assigns, and shall inure to the benefit of Lender, his heirs, administrators, executors and assigns. Tallmadge Holding Co., LLC represents that the execution of this Note has been authorized by the governing documents of said limited liability company. The paragraph headings provided in this Note are for convenience only.

IN WITNESS WHEREOF, Borrowers, Tallmadge Holding Co., LLC, a North Carolina Limited Liability Company, and Bruce Tallmadge, have executed and delivered this Note to Lender on the ___ day of March, 2004.

TALLMADGE HOLDING CO., LLC
A North Carolina Limited Liability Co.

By: _____
Bruce Tallmadge
Its Managing Member

_____
Bruce Tallmadge, individually

"Borrowers"

WARNING–BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.

**IN RE GARDNER v. TALLMADGE**

[207 N.C. App. 282 (2010)]

STEELMAN, Judge dissenting.

While this case presents a number of troubling issues, the conspicuous nature of the cognovit warning is not one of them. I must respectfully dissent.

A copy of the actual note in question, containing the cognovit warning is attached to the majority opinion. The warning appears in ·all capital letters below the signature lines. It is clearly the most conspicuous portion of the document. Because of its placement immediately below the·signature lines, it is especially conspicuous, because the borrower would have to actually see that language in order to execute the document. I would hold that the cognovit warning on page three of the Demand Cognovit Promissory Note met the requirements of Ohio Revised Code Annotated § 2323.13(D) (2010) that it appear:

> directly above or below the space or spaces provided for the signature of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document . . . .

This case is controlled by *Medina Supply Company, Inc. v. Corrado*, 689 N.E.2d 600 (Ohio Ct. App. 1996), which is a published case. *Medina* holds:

> In the case at bar, the note signed by defendants contained, word for word, the statutorily mandated warning contained in [Ohio Revised Code] 2323.13(D). This warning appeared in all capital letters immediately above the signatures of defendants. Defendants argue that this warning is insufficient because it does not appear more clearly and conspicuously than anything else on the document. Specially, defendants point to the fact that the title of the note, 'NOTE,' is in capitals and also underlined, whereas the warning is merely in capitals with no underlining. We find this argument to be specious. First, a four-letter title is an inadequate basis for comparison to a paragraph. An objective review of the cognovit note shows the warning prominently displayed immediately above the signatures. The document itself is only one page long. Most important, the warning is the only paragraph set off entirely in capital letters. Thus, in type, location, and proportion, the warning satisfies the law. The statute does not require the warning be a flashing neon light. Accordingly, we find that the cognovit note complied with [Ohio Revised Code] 2323.13.

*Id.* at 603. The only notable difference between the cognovit warning in *Medina* and the one in the instant case is that in *Medina* the warning appeared immediately above the signature lines, rather than immediately below the signature lines. Since Ohio Revised Code Annotated § 2323.13 provides that the warning can either be "directly above or below" the signature lines, this is not a legally significant difference. The cognovit warning on the note in question was the most conspicuous portion of the document, and complies with the Ohio statute.

The fact that the note in the instant case is three pages long and each of the section headings is capitalized and underlined does not make this note significantly different from that in *Medina.* As noted in *Medina,* the most important fact is that "the warning is the only paragraph set off entirely in capital letters." 689 N.E.2d at 603. This is present in the note in the instant case, just as it was in *Medina.* I would hold that the cognovit warning on the note in question complies with the Ohio Statute.