LUMBERMANS FINANCIAL, LLC, a Michigan
limited liability company, Plaintiff
v.
SEAN J. POCCIA, Defendant

No. COA12-1410

Filed 18 June 2013

**Judgments—Uniform Enforcement of Foreign Judgments Act— no authority to award damages in excess of foreign award**

The trial court erred by requiring defendant to pay damages in excess of the award in a foreign judgment obtained in a bankruptcy court in the state of Michigan. The trial court's authority permitted it to make a determination of the amount of any payments on the debt made by defendant or credits due to him from the sale of the Dutch Road property, which were to be deducted from the $250,000.00 in damages, plus post-judgment statutory interest.

Appeal by defendant from judgment entered 13 August 2012 by Judge Yvonne M. Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 March 2013.

*Stone & Witt, P.A., by Bryan W. Stone, for plaintiff-appellee.*

*John F. Hanzel, P.A., by John F. Hanzel, for defendant-appellant.*

HUNTER, Robert C., Judge.

**LUMBERMANS FIN., LLC v. POCCIA**

[228 N.C. App. 67 (2013)]

Defendant Sean J. Poccia ("Poccia") appeals from the trial court's order enforcing against him a foreign judgment obtained in a bankruptcy court in the state of Michigan by plaintiff Lumbermans Financial, LLC ("Lumbermans"). Poccia contends the trial court erred by ordering him to pay damages in excess of the award in the foreign judgment. After careful review, we reverse the trial court's order and remand this action for further proceedings.

## Background

In 2004, Poccia was the owner of a residential building company registered in Michigan and known as Lucas Home Builders, LLC. Lumbermans, also a Michigan-registered limited liability company, loaned money to Lucas Home Builders contingent upon Poccia's personal guaranty of the debt. In 2003, Poccia sought Chapter 7 bankruptcy protection in the Eastern District of Michigan. Lumbermans filed an adversary proceeding seeking to have the debt guaranteed by defendant deemed non-dischargeable.

On 2 September 2004, the parties executed a Stipulation for Entry of Consent Judgment ("the Stipulation") which contained the following language:

> 1. That [Lumbermans] has incurred damages in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars against the [d]efendant and [d]ebtor [Poccia].
>
> . . .
>
> 5. That the parties acknowledge that the stipulated damages of Two Hundred Fifty Thousand ($250,000.00) Dollars are an estimate because [Lumbermans] has not completed the Dutch Road Residence and sold it. When [Lumbermans] sells the Dutch Road Project, [Poccia] may request that an audit be preformed [sic] at [Poccia's] expense to determine [Lumbermans's] actual damages which may be less or may be more than the stipulated amount of Two Hundred Fifty Thousand ($250,000.00) Dollars.

Based on the Stipulation, the United States Bankruptcy Court of the Eastern District of Michigan, Southern Division, entered a consent judgment on 18 October 2004 ("the 2004 Consent Judgment") in which the court ordered that Lumbermans "shall have a judgment against [Poccia] on its claim in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars plus statutory interest to incur after this date[.]"

On 3 October 2011, Lumbermans filed a notice of filing of a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, N.C. Gen. Stat. §§ 1C-1701 *et seq.* ("the UEFJA"), in Mecklenburg County Superior Court. In the notice of filing, Lumbermans stated that the 2004 Consent Judgment was for "the principal amount of $240,479.80," plus post-judgment interest of 2.18% compounded annually. Lumbermans also filed an affidavit in support of the filing in which it averred that the 2004 Consent Judgment was a "final" judgment awarding Lumbermans a "total sum" in the amount of $240,479.80, plus post-judgment interest.

In response, Poccia filed a motion for relief from the judgment alleging that he entered the consent judgment under duress and that the judgment was signed by his counsel not by himself. On 24 February 2011, Judge Forrest D. Bridges entered an order denying Poccia's motion for relief. The order stayed Lumbermans's collection efforts for 30 days during which time Lumbermans was required to account for any credits to which Poccia was entitled that resulted from payments on the debt, from the sale of the Dutch Road property, or for any other reason.

On 2 March 2012, Lumbermans forwarded to Poccia an accounting of the debt owed in which Lumbermans alleged that "the actual judgment amount as of October 18, 2004 should be $305,340.61," plus interest incurred from the date of the 2004 Consent Judgment. Poccia filed an objection to Lumbermans's accounting in which he argued that he did not agree to pay more than $250,000.00 in damages, plus interest, and was not aware of any documentation showing that the 2004 Consent Judgment had been modified. Lumbermans requested a hearing on Poccia's objection to the accounting in Mecklenburg County Superior Court.

Following the hearing, Judge Yvonne M. Evans. entered a judgment on 13 August 2012 concluding that the amount of damages provided in the 2004 Consent Judgment was "an approximation" of the actual damages owed to Lumbermans that was subject to an audit as provided in Paragraph 5 of the Stipulation. As a result of that audit, the trial court concluded that the amount of actual damages owed by Poccia at the time of the 2004 Consent Judgment was $415,831.06, which was to be reduced by a $135,462.51 credit. Consequently, the trial court ruled that Poccia owed Lumbermans $280,368.55 plus interest. Poccia appeals.

## Discussion

Poccia argues that the trial court erred in ordering him to pay damages to Lumbermans in excess of the $250,000.00 in damages, plus interest, ordered in the 2004 Consent Judgment. We agree.

" 'The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.' " *United Leasing Corp. v. Guthrie,* 192 N.C. App. 623, 630, 666 S.E.2d 504, 509 (2008) (quoting *Cartin v. Harrison,* 151 N.C. App. 697, 699, 567 S.E.2d 174, 176, *disc. review denied,* 356 N.C. 434, 572 S.E.2d 428 (2002)). The trial court's conclusions of law, however, are subject to *de novo* review. *Id.*

"The Constitution's full faith and credit clause requires states to recognize and enforce valid judgments rendered in sister states." *Gardner v. Tallmadge,* 207 N.C. App. 282, 287, 700 S.E.2d 755, 758-59 (2010) (citing U.S. Const. art. IV, § 1), *aff'd sub nom. In re Ohio Judgment,* ___ N.C. ___, 721 S.E.2d 928 (2011). "In carrying out this constitutional mandate, the United States Supreme Court has consistently held that 'the judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced.' " *Boyles v. Boyles,* 308 N.C. 488, 490, 302 S.E.2d 790, 792-93 (1983) (quoting *Underwriters Nat'l Assur. Co. v. N.C. Life and Accident and Health Ins. Guar. Ass'n,* 455 U.S. 691, 704, 71 L. Ed. 2d 558, 570 (1982)).

"The Uniform Enforcement of Foreign Judgments Act . . . governs the enforcement of foreign judgments that are entitled to full faith and credit in North Carolina." *Gardner,* 207 N.C. App. at 287, 700 S.E.2d at 758-59 (citing N.C. Gen. Stat. §§ 1C–1701 *et seq.* (2009)). Once notice of the filing of the foreign judgment is filed by the judgment creditor,

> the judgment debtor may file a motion for relief from, or notice of defense to, the foreign judgment on the grounds that the foreign judgment has been appealed from, or enforcement has been stayed by, the court which rendered it, or on any other ground for which relief from a judgment of this State would be allowed.

N.C. Gen. Stat. § 1C-1705(a); *see DOCRX, Inc. v. EMI Servs. of NC, LLC,* ___ N.C. App. ___, ___, 738 S.E.2d 199, 203 (2013) (holding that post-judgment relief from foreign judgments under N.C. Gen. Stat. § 1A–1, Rule 60(b) is limited to the grounds that the foreign judgment was based on extrinsic fraud, is void, has been satisfied, released, or discharged, or a judgment upon which the foreign judgment is based has been reversed or vacated, or should no longer be enforced prospectively on equitable grounds). The judgment creditor may then move for "enforcement of the foreign judgment as a judgment of this State[.]" N.C. Gen. Stat. § 1C-1705(b).

In its notice of the foreign judgment filing, Lumbermans asserted that the 2004 Consent Judgment was for the principal amount of $240,479.80, plus post-judgment interest and sought enforcement of the judgment. Poccia's motion for relief from the 2004 Consent Judgment was denied, and Lumbermans produced an accounting of the debt asserting that the damages due were greater than the actual judgment amount. Poccia objected to the accounting and requested a hearing before the trial court. In response, Lumbermans filed a trial brief in which it acknowledged that its actual damages "exceeds the judgment amount of $250,000.00," but insisted that "this possibility was understood by the parties" as evidenced by Paragraph 5 of the Stipulation. Lumbermans suggested that the trial court was required to construe the language of the parties' "contract" to discern their intent that the actual damages were greater than $250,000.00, plus interest. Consequently, Lumbermans asked the trial court to "revise[]" the amount of damages in the consent judgment.

We note that the 2004 Consent Judgment is not a contract but a final judgment of the United States Bankruptcy Court in the Southern Division of the Eastern District of Michigan. The judgment states that the bankruptcy court read the parties' Stipulation for the entry of the consent judgment and, for the reasons provided in the Stipulation, ordered that Lumbermans "shall have a judgment against [Poccia] on its claim in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars plus statutory interest." We find this language to be unambiguous and to award Lumbermans a judgment of $250,000.00, plus post-judgment interest.

Paragraph 5 of the Stipulation clearly contemplates that as of 2 September 2004, Poccia and Lumbermans agreed that the debt Poccia owed to Lumbermans "may be less or may be more" than $250,000.00. However, the Stipulation was not incorporated into the consent judgment. Nor does it appear that the Stipulation was filed with the consent judgment. The trial court recognized that the Stipulation was not filed in its order: "the Stipulation, *unfiled by its terms* at the time of the entry of the Consent Judgment, stated as follows . . . ." (Emphasis added.)

Lumbermans cites no authority which provides that the trial court could have assumed jurisdiction to modify the consent judgment entered by the bankruptcy court. Nor have we found such authority. The UEFJA provides that a valid foreign judgment may be *enforced* in our state; it does not provide that the courts of North Carolina may modify the original judgment to provide for a greater recovery. *See* N.C. Gen. Stat. §§ 1C-1701 to -1708. Indeed, a foreign judgment is only entitled to "the *same* credit, validity and effect," in a sister state as in the state in which it was rendered, *Boyles*, 308 N.C. at 490, 302 S.E.2d at 792-93 (emphasis

SMITH v. LAKE BAY E., LLC

[228 N.C. App. 72 (2013)]

added), not more. Therefore, the trial court improperly concluded that the 2004 Consent Judgment entitled Lumbermans to a judgment for damages in the principal amount of greater than $250,000.00, plus post-judgment interest. We conclude that the trial court's authority permitted it to make a determination of the amount of any payments on the debt made by Poccia or credits due to him from the sale of the Dutch Road property, which were to be deducted from the $250,000.00 in damages, plus post-judgment statutory interest. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

## Conclusion

For the reasons stated above, the trial court's 13 August 2012 order is reversed and remanded.

REVERSED and REMANDED.

Chief Judge MARTIN and Judge STEPHENS concur.